UNITED STATES DISTRICT COUR
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00064 |
| | ) | WILLIAM J. HAYNES, JR. |
| NORMAN J. SMITH | ) | Chief Judge, U.S. District Court |

[Handwritten annotation: *ORDER — This motion is GRANTED in the interests of justice to allow new defense counsel to be prepared for trial. 2-24-14*]

### NORMAN J. SMITH'S MOTION AND INCORPORATED MEMORANDUM TO CONTINUE TRIAL

**COMES** now the accused, **NORMAN J. SMITH**, through counsel, Assistant Federal Public Defender, Isaiah S. Gant, and moves this Honorable Court to enter an order continuing the trial in this matter presently scheduled for Tuesday, March 4, 2014, at 9:00 a.m. In support of the foregoing motion, it is respectfully represented to this Honorable Court the following:

1. The trial of Mr. Smith's case is scheduled to commence Tuesday, March 4, 2014, at 9:00 a.m. Counsel for Mr. Smith is not in a position to proceed to trial on that date.

2. The Sixth Amendment right to counsel guarantees more than that Mr. Smith should have a lawyer. It assures "effective aid in the preparation and trial of the case. *Powell v. Alabama*, 287 U.S. 45, 71 (1932); *see Strickland v. Washington*, 466 U.S. 668, 684-88 (1984). "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant . . .," *Wheat v. United States*, 486 U.S. 153 (1988), and the Amendment is violated when defense counsel is required to operate under circumstances that render his or her services ineffective, *Ferguson v. Georgia*, 365 U.S. 570 (1961); *Brooks v. Tennessee*, 406 U.S. 605 (1972).