# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## 3rd Superseding Petition for Summons/Warrant for Offender on Supervision
### [Supersedes Petition Filed as Docket Entry No. 248]

| | |
|---|---|
| Name: Norman J Smith | Docket Number: 3:09CR00064-001 |
| Name of Current Judicial Officer: | The Honorable Eli J. Richardson, U.S. District Judge |
| Name of Sentencing Judicial Officer: | The Honorable William J. Haynes, Jr., U.S. District Judge |
| Date of Original Sentence: | November 3, 2014 |
| Original Offense: | 18 U.S.C. § 2252A(a)(2)(A) Receipt of Child Pornography |
| Original Sentence: | 60 months' custody, followed by 10 years' supervised release |
| Date of First Revocation Sentence: | January 6, 2020 |
| First Revocation Sentence | 60 days' imprisonment, followed by 117 months' supervised release |
| Date of Second Revocation Sentence: | September 18, 2020 |
| Second Revocation Sentence: | 3 months' imprisonment, followed by 114 months' supervised release |
| Date of Third Revocation Sentence: | December 21, 2021 |
| Third Revocation Sentence: | 5 months' imprisonment, followed by 108 months' supervised release |
| Type of Supervision: Supervised Release | Date Supervision Recommenced: May 20, 2022 |
| Assistant U.S. Attorney: Carrie Daughtrey | Defense Attorney: Ben Russ |

### PETITIONING THE COURT

☐ To Issue a Summons
☐ To Issue a Warrant
☒ To Consider Additional Violations\Information

The Court Orders:
☐ No Further Action at this Time
☐ The Issuance of a Summons
☐ The Issuance of a Warrant
    ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☒ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this 17th day of August, 2022, and made part of the record in the above case.

*Eli Richardson*
The Honorable Eli J. Richardson
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted this 17th day of August, 2022.

*Abigail Smith*

_____
Abby Smith
Senior U.S. Probation Officer
Place: Nashville, TN

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 248, has been amended as follows:

Violation No. 3 – has been amended to reflect the disposition of Mr. Smith's pending case.

Update on Offender Characteristics – has been updated.

U.S. Probation Officer Recommendations – has been updated.

Sentencing Recommendation – has been updated to reflect a Grade C violation and a new recommendation.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** |

On June 2, 2022, Mr. Smith admitted to using methamphetamine approximately one week prior.

On June 15, 2022, Mr. Smith admitted to using methamphetamine around June 11, 2022.

On June 21, 2022, Mr. Smith admitted to using methamphetamine around June 18, 2022.

On June 27, 2022, Mr. Smith admitted to using methamphetamine around June 24, 2022.

On July 7, 2022, Mr. Smith admitted to using methamphetamine around July 3, 2022.

| | |
|---|---|
| 2. | **The defendant shall participate in a program of alcohol and drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the Probation Officer. The Defendant shall pay all or part of the cost for substance abuse treatment if the Probation Officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.** |

On June 14, 2022, Mr. Smith failed to appear for a drug test.  He later was contacted and admitted he would test positive for methamphetamine

| | |
|---|---|
| 3. | **The defendant shall not commit another federal, state, or local crime.** |

On July 17, 2022, Mr. Smith was arrested in Montgomery County, Tennessee, and charged with Aggravated Burglary, 39-13-1003, Evading Arrest, 39-16-603, and

Stalking, 39-17-315. According to the police report, Clarksville police officers were dispatched to a suspicious person located at 948 Calvert Drive. When officers arrived, they noticed a male fleeing the residence who appeared to be pulling his pants up while fleeing. He hopped over a fence into a wood line. Officers were unable to initially locate Mr. Smith.

Officers spoke with the victim in the case, Erika Watson. She reported she was lying in the bedroom when Mr. Smith approached the window and attempted to pry it open to gain access to the residence. Ms. Watson told officers she was overseeing the property while the homeowner, Rebecca Johnson, recovered from a stroke She reported Mr. Smith previously approached the front door and attempted to get her to open it, but he was told to leave the residence.

Officers were able to contact the homeowner, Ms. Johnson, who reported she did not trust Ms. Watson staying at her residence due to ongoing issues with Norman Smith. Ms. Watson and Norman Smith reportedly previously dated. Ms. Watson told officers that Mr. Smith had come to her residence multiple times before and was told to stay away because he threatened to burn her home down with her in it. Ms. Johnson reported she is still in fear of Mr. Smith and what he may to do her.

Mr. Smith was seen trying to flee in his vehicle and was subsequently arrested.

**On July 27, 2022, Mr. Smith pled guilty to a lesser charge of Aggravated Criminal Trespast. The charges of Evading Arrest and Stalking were dismissed. Mr. Smith was sentenced to 11 months and 29 days, time served, with the balance of time suspended upon conditions of good behavior and probation. Mr. Smith was also ordered to stay away from Ericka Watson and Rebecca Johnson.**

**Compliance with Supervision Conditions and Prior Interventions:**
Norman Smith recommenced his term of supervised release on May 20, 2022, and is scheduled to terminate his supervision on May 19, 2031.

In order to more adequately supervise Mr. Smith, on January 23, 2019, he agreed to the modification of release conditions to include participation in sex offender treatment, no consumption of alcohol, participation in substance abuse treatment, residence/employment to be preapproved, and submit to searches.

On January 28, 2019, the Court ordered the modifications as noted above.

On January 6, 2020, Mr. Smith's term of supervision was revoked due to his violating the following three conditions: failure to participate in sex offender treatment, failure to notify residence or employment change, and failure to participate in substance abuse treatment.

Mr. Smith was sentenced to 60 days in jail, with a self-surrender date of February 5, 2020. He was Court ordered to return to supervised release for 117 months following his release from custody.

On January 31, 2020, a report was submitted to the Court alleging Mr. Smith violated the terms of his supervised release by leaving the judicial district without permission and possessing a device with access

to online services without approval of the probation officer.  The Court ordered no action necessary at that time.

Mr. Smith was released from custody on April 3, 2020.  He was referred to sex offender treatment with Sharon Davis in Clarksville, Tennessee.

On August 3, 2020, a report was submitted to the Court alleging Mr. Smith had violated the terms of his supervised release by associating with children under the age of 18, possessing sexually stimulating material, and failing to submit a truthful written report.  A summons was subsequently issued.  On August 13, 2020, a superseding report was submitted to the Court alleging additional contact with minors.  On September 18, 2020, Mr. Smith's supervision was revoked due to his violating the following condition:

*The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.*

Mr. Smith was found not to have violated conditions one and two.  He was sentenced to three months in jail, with a self-surrender date of October 29, 2020.  He was Court ordered to return to supervised release for 114 months following his release from custody.

Mr. Smith was released from custody on January 15, 2021.  He was referred to sex offender treatment with Sharon Davis in Clarksville, Tennessee.

From September 1, 2021, until December 20, 2021, multiple petitions were submitted to the Court alleging Mr. Smith had violated the terms of his supervised release by committing another federal, state, or local crime, using methamphetamine, and associating with persons engaged in criminal activity.

On December 21, 2021, Mr. Smith's supervised release was revoked, and he was sentenced to five months' custody, followed by 108 months' supervised release.  He was found not guilty of conditions one and three, but he was found guilty of using methamphetamine.

An additional special condition was also added that Mr. Smith attend an inpatient drug treatment program at the discretion of the U.S. Probation Office.

On May 20, 2022, Mr. Smith recommenced his term of supervised release.  He was referred to the Evelyn Frye Center for substance abuse treatment.  They have been notified of his recent admitted drug use.  The undersigned officer has made attempts to contact multiple inpatient treatment facilities but has been unable to find an inpatient facility willing to accept sex offenders.  The Evelyn Frye Center also advised they are unaware of any viable inpatient treatment facilities for Mr. Smith.

**Update of Offender Characteristics:**
**On August 16, 2022, Mr. Smith appeared before the Honorable Alistair Newbern, U.S. Magistrate Judge, for an initial appearance and was detained pending his supervised release violation hearing.**

**U.S. Probation Officer Recommendation:**
**It is respectfully recommended that the additional information be considered when Mr. Smith appears before the Court for his supervised release violation hearing.**

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. NORMAN J. SMITH CASE NO. 3:09CR00064-001

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE**: POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | **Statutory Provisions** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| **Custody:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 5-11 months *U.S.S.G. § 7B1.4(a)* | 11 months |
| **Supervised Release:** | Not less than 5 years or life *18 U.S.C. § 3583(k)* | 5 years *U.S.S.G § 5D1.2(b)(2)* | No supervision to follow |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

Under 18 U.S.C. § 3583(g)(1) if the defendant possesses a controlled substance in violation of the condition set forth in subsection (d); the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Under 18 U.S.C. § 3583(g)(4) if the defendant as part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:**
U.S.S.G. § 7B1.1(a)(2) Grade B Violations - conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year.

U.S.S.G. § 7B1.3(a)(1) Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release.

Approved:

Donna Jackson
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Norman J Smith

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00064 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 11 / 3 / 2014
   *month day year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Use of Controlled Substance | C |
   | Failure to Submit to Drug Testing | C |
   | New Federal, State, or Local Crime | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  C

9. **Criminal History Category** *(see §7B1.4(a))*  III

10. **Range of Imprisonment** *(see §7B1.4(a))*  5-11 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

   ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Case 3:09-cr-00064   Document 259   Filed 08/17/22   Page 8 of 9 PageID #: 1046

**Defendant** Norman J Smith

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____
    Fine($)        _____     Home Detention         _____
    Other          _____     Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002